# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSA L. DOWDY | : |
| | : |
|     Appellant | : |
| V. | : CIVIL ACTION NO. |
| | : CCB-05-552 |
| | : |
| BANK OF AMERICA | : |
| | : |
|     Appellee | : |
| | : |
| | : |

## **MEMORANDUM**

Now pending before the court in this bankruptcy appeal is appellee's motion to strike the appellant's appeal for failure to file her brief within the time specified by Fed. R. Bankr. P. 8009. For the reasons that follow, the appellee's motion will be denied.

The appellee, Rosa Dowdy, filed a second amended notice of appeal from the U.S. Bankruptcy Court in this court on February 25, 2005. Bankruptcy Rule 8009(a)(1) provides that "[t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Accordingly, appellant's brief would have been due on March 14, 2005.[1] The appellant did not file her brief until April 3, 2005. Prior to that filing, the appellee had already filed

---

[1] Bank of America states that appellant's brief was due on March 11, but that is only 14 days from February 25th. Under Fed. R. Bankr. P. 9006, which prescribes methods for computing time under the procedural rules, "the day of the act, event, or default from which the designated period of time begins to run shall not be included." In addition, "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days."

a motion to strike the appeal, arguing that the appellant had missed her brief filing deadline, that this was the second time the appellant had missed filing her appellate brief on an appeal from the Bankruptcy Court in the same proceeding, and that the "Appellant's recalcitrance has caused and continues to cause great expense and inconvenience to Appellee, Bank of America." (*See* Appellee's Motion to Strike Appeal at ¶ 5.)

The appellant responded to the appellee's motion to strike on April 3, 2005, explaining that "there was a pending matter before the Bankruptcy Court regarding this Appeal, therefore the Appellant did not receive notice from the Bankruptcy Clerk that the Appeal was docketed until almost 15 days (March 9th) after it was docketed." (*See* Appellant's Response at ¶ 1.) Counsel for appellant further explained that, in addition to the confusion caused by the late notice of the docketing, he could not file a motion for extension of time upon receiving the notice "because of [counsel's] virtual incapacitation due to a serious illness." (*Id.* at ¶ 2.) In addition, the appellant clarified that her previous appeal was dismissed following a voluntary dismissal, not because of failure to file her brief in a timely manner, as the appellee claims.[2] The appellant also argues that the appellee has not shown how it has been harmed or inconvenienced by the appellee's delay, and claims that this appeal actually arises from the appellee's failure to respond to the earlier motions in this bankruptcy proceeding, which "severely harmed" the appellee because she "now stands to lose her home of 35 years and has no other place to live." (*Id.* at ¶ 5.)

---

[2] The record shows this is correct, although the appellant was tardy in filing a brief, and only moved for voluntary dismissal of the appeal on January 9, 2005 after a January 3, 2005 order from this court asking her to show cause within ten days why the appeal should not be dismissed. (*See* Civil Action No. CCB-04-3938.)

2

The time limits imposed by Fed. Bankr. R. P. 8009 are not jurisdictional. Under Fed. Bankr. R. P. 8001, a district court has the discretion to impose sanctions, including dismissal, upon an appellant for not complying with the procedural requirements of bankruptcy rules. *In re Serra,* 970 F.2d 1309, 1311 (4th Cir. 1992). A district court, however, is not required to dismiss automatically an appeal of a party who has failed to file required papers or a request for an extension within the prescribed time. *Id.* (recognizing that "dismissal for failure to comply with a non-jurisdictional, procedural guideline is a harsh sanction which a district court must not impose lightly") (citing *In re J.R. Orgain,* 898 F.2d 146, 1 (4th Cir. 1990) (unpublished opinion)). Accordingly, before dismissing a bankruptcy appeal for failure to comply with a procedural requirement, the district court should take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effects on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *Id.* (applying these factors in a case involving Fed. R. Bankr. P. 8006, a procedural rule similar to Fed. R. Bankr. P. 8009). *See also Pamaco Partnership Mgmt. Corp. v. TMC Terraplan Mgmt. Corp.,* 158 B.R. 61, 64-65 (W.D.Va. 1993) (applying these factors to hold that the appellants' failure to file a designation of the record within the time dictated by Fed. R. Bankr. P. 8006 did not warrant dismissal, particularly because there was no evidence of bad faith or prejudice).

In the present case, there is no evidence that the appellant acted in bad faith or was negligent in filing the brief after the fifteen days prescribed by Fed. R. Bankr. P. 8009(a)(1). Rather, the appellant has articulated a legitimate reason for the delay, namely, the delayed notice from the Bankruptcy Court that the appeal had been docketed, followed by the illness of appellant's counsel. In addition, the delay

3

in the filing of the appellant's brief has caused little, if any, serious harm or prejudice to the appellee, whereas dismissing this appeal because of the appellant's failure to file a brief in a timely manner would have an unduly harsh impact on the appellant. For these reasons, the appellee's motion to strike the appeal will be denied. Pursuant to the court's April 14, 2005 letter, the appellee shall have until June 17, 2005 to file a response to the appellant's brief.

      A separate order follows.

   __June 1, 2005__  
Date

            __/s/__  
            Catherine C. Blake  
            United States District Judge