**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROSA L. DOWDY | : | |
| | : | |
| v. | : | Civil No. CCB-05-0552 |
| | : | Bankr. Case 03-6-5324 (ND) |
| BANK OF AMERICA, N.A. | : | |
| | : | |

**MEMORANDUM**

On June 11, 1996, Rosa Dowdy, the debtor in this case, borrowed Forty Thousand Dollars from Bank of America, N.A. ("BOA"), secured by an interest in Dowdy's real property. On October 24, 2003, Dowdy filed for bankruptcy protection under Chapter 13.  One month prior to her filing, Dowdy ceased making payments to BOA on her mortgage.  As a result, BOA filed a motion for relief from the automatic stay that had been imposed.  In response, Dowdy opposed BOA's motion for relief and filed a motion to avoid BOA's lien.  After a full hearing, Bankruptcy Judge James F. Schneider granted BOA's motion for relief and denied Dowdy's motion to avoid the lien.  Next, Dowdy requested that Judge Schneider reconsider his orders in favor of BOA.  On November 12 and 16, 2004, Judge Schneider denied Dowdy's motions to reconsider.  Dowdy is now appealing the bankruptcy court's ruling and denial of her motion to avoid BOA's lien.  For the reasons that follow, Dowdy's appeal will be denied.

One of the primary disputes between the parties in the motion to avoid the lien was the value of Dowdy's property, which provided the security for BOA's loan.  Dowdy contended that the appraised value of the property was $58,000, while BOA argued it was $112,000.  The

appraisal value was important for determining whether BOA was an unsecured creditor. At the hearing, both sides presented evidence and expert opinions concerning the property's value. After hearing all of the evidence, Judge Schneider concluded that the "property is worth much, much more than Debtor's testimony... and much greater than Mr. Lee's [Dowdy's expert witness] testimony....There is no question that this property is a much more valuable piece of property," and denied Dowdy's motion to avoid the lien. (Tr. of October 15, 2004 Hr.'g at 86).

Pursuant to Federal Rule of Bankruptcy Procedure 8006 ("Rule 8006"), on February 6, 2005, Dowdy filed a Statement of Issues and Designation of Items to be Included in the record on appeal. The only issue stated by Dowdy at that point was: "[w]hether the Bankruptcy Court erred in refusing to consider the age and condition of the debtor's property in determining its value pursuant to 11 U.S.C. Section 506." (Bankr. Case No. 03-65324, Docket No. 124). Without requesting leave of court, on April 3, 2005, Dowdy filed an Amended Statement of Issues and Designation of Items to be Included in the Record on Appeal. Here, Dowdy stated two issues: 1) "[w]hether the Bankruptcy Court erred in not applying the 'replacement value' standard pursuant to 11 U.S.C. Section 506(a) in valuing the Debtor's real property?" and 2) "Whether the Bankruptcy Court erred in concluding that the Debtor was required to present evidence of the existence of prior liens on the Debtor's property at the hearing in light of the fact that the Appellee did not specifically admit or deny their existence in its response as mandated by Federal Rules of Civil Procedure – Rule 8?" (Bankr. Case No. 03-65324, Docket No. 131). BOA did not file an objection or a motion to strike Dowdy's Amended State of Issues. BOA now argues that this court should consider only the single issue identified in Dowdy's February 6, 2005 Statement of Issues and that the two new issues raised in the Amended Statement of

Issues should be disregarded.

> Bankruptcy Rule 8006 directs an appellant to file with the clerk and serve on the appellee 'a designation of the items to be included in the record on appeal and a statement of the issues to be presented.' An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal. *Energrey Enterprises, Inc. v. Oak Creek Energy Systems, Inc.,* 119 B.R. 739, 741 (E.D. Cal. 1990); *In re Connecticut Aerosols, Inc.,* 42 B.R. 706, 707 n.1 (D. Conn. 1984).

*In re Freeman*, 956 F.2d 252, 255 (11th Cir. 1992). *See also Raskin v. Malloy*, 231 B.R. 809, 811 (N.D. Okla. 1997). Because Dowdy never requested leave of court to file her Amended Statement of Issues, and in light of the late filing of her appeal, this court will not consider the new issues raised by Dowdy, unless those issues were inferable from the original issue presented. The first issue raised in Dowdy's Amended Statement of Issues is inferable from the issue raised in Dowdy's initial Statement of Issues because it addresses the same primary concern: whether Judge Schneider considered the appropriate factors in valuing the debtor's property. As such, it will be considered as part of Dowdy's appeal. The issue concerning BOA's failure to admit or deny the existence of prior liens pursuant to Rule 8 of the Federal Rules of Civil Procedure, however, is not inferable from the issue initially raised by Dowdy. As a result, it will not be considered on appeal and is deemed waived.[1]

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed *de novo. Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Properties Ltd. Partnership),* 99 F.3d 151, 154 (4th Cir. 1996). At issue in this

---

[1] The Amended Statement of Issues and Designation of Items to be Included in the Record on Appeal also contains additional items that were not contained in Dowdy's initial designation. Specifically, Dowdy added Paul Lee's appraisal, which was already part of the Bankruptcy Court's record. Because I can see no prejudice in allowing this item to be part of the record, as BOA should already be familiar with it from the bankruptcy proceedings, I will allow Lee's appraisal to remain part of the record on appeal.

case is Judge Schneider's determination as to the value of Dowdy's property.  Specifically, Dowdy asks whether Judge Schneider's determination of the value of Dowdy's property was erroneous because he did not apply the "replacement value" standard set forth in *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 964-965 (1997), and did Judge Schneider inaccurately value the home by not considering its age and the condition of the property's interior.

In *Rash*, the Supreme Court interpreted 11 U.S.C. § 506 to require courts to look at a property's "replacement value." *Rash*, 520 U.S. at 956.  In other words, "the value of the property (and thus the amount of the secured claim under § 506(a)) is the price a willing buyer in the debtor's trade, business, or situation would pay to obtain like property from a willing seller." *Id*. at 959 n.2.  This is also known as the "fair-market value." *Id*. (discussing the Ninth Circuit's standard in *In re Taffi*, 96 F.3d 1190, 1992 (9th Cir. 1996)).  In reaching his decision, Judge Schneider considered Dowdy's testimony, the testimony of experts from both parties, and the appraisals of both experts.  In evaluating the appraisals, Judge Schneider considered the sale price of similar neighboring properties,  an indicator commonly used in property appraisals.  The record indicates that, in reaching his conclusion, Judge Schneider properly reviewed all of the evidence and the appraisals provided by both parties and determined what he believed to be the property's replacement value.  (Tr. of October 15, 2004 Hr'g at 85-86).

Judge Schneider considered a wide range of evidence.  He heard Mr. Lee, Dowdy's expert, testify that he compared similar properties and appraised Dowdy's property at a value of $73,000.  (Tr. of October 15, 2004 Hr'g at 30).  On cross examination, however, there were indications that Lee's analysis may have been inaccurate, because he based his comparisons on properties sold under "unique" circumstances.  (*Id*. at 37-50).  Judge Schneider also heard

4

testimony from BOA's expert, who appraised the property at a much higher level than Lee. BOA's appraiser did not examine the interior of Dowdy's property, so, like that of Dowdy's expert, the appraisal done by BOA may have been imperfect.  After hearing all of the evidence, Judge Schneider stated,

> I am satisfied that the value of the house is much, much greater than Mr. Lee's testimony. I have looked at the comparables.  They don't even look like this property.  This property is a very attractive dwelling....  Even without the appraiser for the bank having gone inside, I can see that this is a well-kept piece of property.  And properties in that area that are evidenced by the comparables that have been brought forth in the Creditor's appraisal, which look much more comparable to me just by looking at them, and judging from their distance and also proximity in time when they sold, indicate that this property is worth much, much more than the debtor's testimony... and much greater than what Mr. Lee's testimony was with respect to that.  There is no question that this property is a much more valuable piece of property.

*Id*. at 85-86.  Appraising property is not an exact science and it requires the balancing of a number of factors.  Judge Schneider heard the evidence, balanced a variety of factors and issues raised by the appraisers, and made a reasonable determination that was supported by the evidence before him.  Consequently, this court concludes that Judge Schneider's findings of fact were not clearly erroneous and no errors of law have been shown.  Accordingly, Dowdy's appeal will be denied.

    A separate Order follows.


  September 19, 2005                                       /s/
       Date                                          Catherine C. Blake
                                                 United States District Judge